```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                        EASTERN DIVISION
```

United States of America

    v.                                    Case No. 2:94-cr-161-2

Anthony Hewston

ORDER

      Defendant has filed a motion requesting expungement of his 1994 convictions for money laundering. There is no general federal statute authorizing the expungement of records. The Sixth Circuit has held that "it is within the inherent equitable powers of a federal court to order the expungement of criminal records in an appropriate case." <u>United States v. Doe</u>, 556 F.2d 391, 393 (6th Cir. 1977). However, in <u>United States v. Lucido</u>, 612 F.3d 871, 873-74 (6th Cir. 2010), the Sixth Circuit concluded that the district court had no authority to rule on an expungement motion based on its original authority over the defendant's criminal cases under 18 U.S.C. §3231 or any other federal statute. The court also concluded, citing <u>Kokkonen v. Guardian Life Insurance Co. of America</u>, 511 U.S. 375 (1994), that the district court did not have ancillary jurisdiction to rule on the motion because the motion did not involve "factually interdependent" claims or managing the criminal cases, vindicating the court's power over the cases, or effectuating any orders in the cases. <u>Id.</u> at 874-75 (noting that defendant's good conduct since his acquittals, his successful investment business and his difficulty attracting clients due to the records of the indictments had nothing to do with the facts underlying his original criminal cases). <u>See</u> <u>also</u> <u>United States v. Field</u>, 756 F.3d 911, 916 (6th Cir. 2014)(courts lack ancillary jurisdiction over motions for expungement based on purely equitable

considerations).

The expungement of records in this case is not necessary "to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent" or "to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." Kokkonen, 511 U.S. at 379-80. This court concludes that it has no jurisdiction over defendant's request for expungement. Even if it is assumed that the court has inherent authority to consider defendant's motion, defendant has failed to demonstrate extraordinary circumstances which would justify the expungement of the criminal records in this case. See United States v. Robinson, 79 F.3d 1149 (table), 1996 WL 107129 at *1-2 (6th Cir. March 8, 1996).

Defendant's application for the expungement of his 1994 convictions is denied.

Date: August 3, 2020          s\James L. Graham          
                                            James L. Graham
                                            United States District Judge